I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL. POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 4|15|08

DEPUTY CLERK

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

APR 15 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE GOODE,<br><br>        Petitioner,<br><br>        vs.<br><br>DEBER DEXTER, Warden,<br><br>        Respondent. | Case No. CV 08-2388-VAP (RNB)<br><br>ORDER TO SHOW CAUSE |

On March 17, 2008, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein.[1] The Petition purports to be directed to a conviction sustained by petitioner in Los Angeles County Superior Court in 1996. Petitioner contends (1) that the evidence of the 1985 prior convictions used to enhance his sentence was insufficient, and (2) that his trial counsel rendered ineffective assistance in failing to contest the sufficiency of the evidence of the 1985 prior convictions.

Since this action was filed after the President signed into law the Antiterrorism

---

[1] March 17, 2008 is the proof of service date. The Ninth Circuit has held that the prison mailbox rule applies to a habeas petitioner's state and federal filings. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).

1

1   and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is

2   subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. §

3   2244(d).  See Calderon v. United States District Court for the Central District of

4   California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S.

5   1099 and 118 S. Ct. 1389 (1998).[2]  28 U.S.C. § 2244(d) provides:

6           "(1)    A 1-year period of limitation shall apply to an application

7       for a writ of habeas corpus by a person in custody pursuant to the

8       judgment of a State court. The limitation period shall run from the latest

9       of--

10              (A)     the date on which the judgment became final by

11          conclusion of direct review or the expiration of the time for

12          seeking such review;

13              (B)     the date on which the impediment to filing an

14          application created by State action in violation of the Constitution

15          or laws of the United States is removed, if the applicant was

16          prevented from filing by such State action;

17              (C)     the date on which the constitutional right asserted

18          was initially recognized by the Supreme Court, if the right has

19          been newly recognized by the Supreme Court and made

20          retroactively applicable to cases on collateral review; or

21              (D)     the date on which the factual predicate of the claim

22          or claims presented could have been discovered through the

23          exercise of due diligence."

24

25

26

27          [2]      Beeler was overruled on other grounds in Calderon v. United States
    District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526

28   U.S. 1060 (1999).

2

1      Here, according to the California Appellate Courts website, petitioner's

2  Petition for Review was denied by the California Supreme Court on July 30, 1997.

3  Thus, "the date on which the judgment became final by conclusion of direct review

4  or the expiration of the time for seeking such review" was October 28, 1997, when

5  the 90-day period for petitioner to petition the United States Supreme Court for a writ

6  of certiorari expired. <u>See</u> <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999);

7  <u>Beeler</u>, 128 F.3d at 1286 n.2.

8      In the Petition, petitioner maintains that discovery of his grounds for relief was

9  delayed due to the fact that "information of 'new discovered evidence' wasn't made

10  known or came out until recent research of court records and trial transcripts." (<u>See</u>

11  Petition at ¶ 15). However, it appears to the Court that petitioner was aware of the

12  factual predicate of both his insufficiency of the evidence claim and his related

13  ineffective assistance of counsel claim as of the time of his sentencing. <u>See</u> <u>Hasan</u>

14  <u>v. Galaza</u>, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to

15  run when a prisoner "knows (or through diligence could discover) the important facts,

16  not when the prisoner recognizes their legal significance"). Thus, unless a basis for

17  tolling the statute existed, petitioner's last day to file his federal habeas petition was

18  October 28, 1998. <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243,1246 (9th Cir. 2001);

19  <u>Beeler</u>, 128 F.3d at 1287-88.

20      28 U.S.C. § 2244(d)(2) provides:

21        "The time during which a properly filed application for State post-

22     conviction or other collateral review with respect to the pertinent judgment or

23     claim is pending shall not be counted toward any period of limitation under

24     this subsection."

25

26      In <u>Nino v. Galaza</u>, 183 F.3d 1003 (9th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1104

27  (2000), the Ninth Circuit construed the foregoing tolling provision with reference to

28  California's post-conviction procedures. The Ninth Circuit held that "the statute of

1   limitations is tolled from the time the first state habeas petition is filed until the
2   California Supreme Court rejects the petitioner's final collateral challenge." See id.
3   at 1006. Accord, Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed.
4   2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's
5   application for collateral review remains "pending" during the intervals between the
6   time a lower state court denies the application and the time the petitioner files a
7   further petition in a higher state court). However, the statute of limitations is not
8   tolled during the interval between the date on which the judgment of conviction
9   became final and the filing of the petitioner's first collateral challenge. See Nino,
10  supra.

11      Here, it appears from the face of the Petition and one of the attachments thereto
12  that petitioner's first collateral challenge was the Los Angeles County Superior Court
13  habeas petition that he filed on April 2, 2007. By then, petitioner's federal filing
14  deadline of October 28, 1998 already had long lapsed. See, e.g., Ferguson v.
15  Palmateer, 321 F.3d 820, 823 (9th Cir.) (holding that § 2244(d) "does not permit the
16  reinitiation of the limitations period that has ended before the state petition was
17  filed," even if the state petition was timely filed), cert. denied, 540 U.S. 924 (2003);
18  Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d
19  894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).

20      The Ninth Circuit has held that the district court has the authority to raise the
21  statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the
22  Petition and to summarily dismiss a habeas petition on that ground pursuant to Rule
23  4 of the Rules Governing Section 2254 Cases in the United States District Courts, so
24  long as the Court "provides the petitioner with adequate notice and an opportunity to
25  respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook,
26  260 F.3d 1039, 1042-43 (9th Cir. 2001).

27      IT THEREFORE IS ORDERED that, on or before May 19, 2008, petitioner
28  show cause in writing, if any he has, why the Court should not recommend that this

1   action be dismissed with prejudice on the ground of untimeliness.  If petitioner

2   intends to rely on the equitable tolling doctrine, he will need to include with his

3   response to the Order to Show Cause a declaration under penalty of perjury stating

4   facts showing (1) that he has been pursuing his rights diligently, and (2) that some

5   "extraordinary circumstances" beyond petitioner's control stood in his way and/or

6   made it impossible for him to file the Petition on time.  See Pace v. DiGuglielmo, 544

7   U.S. 408, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert,

8   465 F.3d 964, 969  (9th Cir. 2006), cert. denied, 127 S. Ct. 1880 (2007); Raspberry

9   v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

10

11   DATED: April 15, 2008

12

13                                    _____

14                                    ROBERT N. BLOCK
                                      UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28